**CLIFFORD v. THE ILIAMNA et al.**

**No. 13702-Y.**

United States District Court
S. D. California, Central Division.
July 14, 1952.

David Sokol, Los Angeles, Cal., for libelant.

Lasher B. Gallagher and L. K. Vermille, Los Angeles, Cal., for respondents.

YANKWICH, Chief Judge.

The above entitled cause heretofore tried, argued and submitted, is hereby decided as follows:

Judgment will be for the libelant on the third cause of action for maintenance and wages due to injury suffered by the libelant during the voyage, through no fault of the claimant, in the total amount of $1,572, and costs of suit.

Judgment for the claimant on the first and second causes of action. Findings to be prepared by counsel for the claimant under Local Rule 7.

Comment

I am of the view that the libelant has failed to prove any unseaworthiness, Mahnich v. Southern Steamship Co., 1944, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561, or negligent act on the part of the claimant, even if we assume that recovery may be had for negligence in a suit in rem. See, The Black Gull, 1936, 2 Cir., 82 F.2d 758. The libelant's own description of his accident in the courtroom is rather hazy,

This is readily explained by the fact that when he fell into the bottom of the barge he was quite dazed. But his description indicates that one of his feet touched the side of the barge, and that he was thrown into the bottom of the barge by the movement of the vessel.

While the evidence shows that some of the lower rungs on the Jacob's ladder, on which he left the ship for the barge, were damaged, the libelant knew of the condition, and others, both before and after, had made the descent without any mishap. At any rate, he did not fall into the barge by reason of missing a step on the ladder. On the contrary, the evidence warrants the conclusion testified to by his fellow seaman, Howard, that the libelant put one of his feet on the upper ledge on the side of the bulwark of the barge, as the barge started down. And, as that witness put it, "that's when he started to fall".

The physical facts, the injury to his back, the place in the bottom of the barge where he fell, all concur in pointing to the conclusion that the accident occurred, in the manner in which he himself later described it to the captain, who in his report stated: "While getting into the barge to go ashore L. T. Clifford fell from top of barge in to the bottom of it. Barge was pitching due to sea". This is also reflected in the entry made by the third mate in the log, which recited: "L. Clifford (Carp) while getting into barge to go ashore—fell *form* the top into the bottom of it. Barge was pitching due to sea—"

So the condition of the Jacob's ladder had nothing whatsoever to do with the happening of the accident. The accident was no doubt due to the fact that the heavy sea prevented his steadying himself on the side of the barge. This fact was probably aggravated by the fact that he possibly released his hold on the Jacob's ladder to stand on the bulwark on the down-swing of the barge, instead of the upswing. So I find no unseaworthiness or negligent act to which the injury can be traced.

However, as the injury was suffered in the course of his employ and while on the voyage, he, libelant, is entitled to the wages he might have earned, which it is agreed, amount to $460; maintenance to the time he was returned to duty, which was agreed to be $642. To this the court has added $470, estimated overtime which the libelant might have earned.

In preparing findings, counsel are directed to make findings only on the issues here stated, the findings to contain the usual statement that no findings are made on other issues because they are not necessary. Hence, the ruling above made.